Yang, Kay-Xiong, beneficiary
KAY XIONG YANG Estate and Trust
c/o Poste Restante / General Post-Office
c/o RR RFD C770 124 West Freistadt Road Suite 217
Thiensville, Wisconsin Republic near 92(53092) – 9998

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2023 JUL 14 A 10: 39

CLERK OF COURT

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
Eastern District Of Wisconsin
MILWAUKEE DIVISION

| | |
|---|---|
| KAY XIONG YANG Estate and Trust | Case No. **23-C-0944** |
| Yang, Kay-Xiong, beneficiary | FILE PURSUANT TO 31 U.S.C § 3730(b)(1) |
| | COMPLAINT FOR VIOLATIONS OF |
| Plaintiffs, | HOBBS ACT 18 USC § 1951 |
| v. | FALSE CLAIMS ACT 31 U.S.C. §3729 – 3733 |
| (Personal Capacities): | Racketeer Influenced & Corrupt |
| Scott R. Halloin d/b/a SCOTT R. HALLOIN | Organization Act "RICO" |
| Sheila L. Shadman Emerson d/b/a SHEILA L. | 18 U.S. CODE § 1961 - 1968 |
| SHADMAN EMERSON | Freedom of Information Act "FOIA" 5 USC §552 |
| Molly S. Fitzgerald d/b/a MOLLY S. | the Fraud Enforcement and Recovery Act "FERA" |
| FITZGERALD | |
| Long Lee d/b/a LONG LEE | |
| Miana Lee d/b/a MIANA LEE | Tort / Personal Injury Property Damage, Fraud/Other |
| Kay Xiong d/b/a KAY XIONG | Violation of Private International Trust Property |
| David Blong Lee d/b/a DAVID BLONG LEE | and invoking 'Fee Schedule' according to public |
| Mee Lee d/b/a MEE LEE | notices against violation breeching private trust property |
| Bee Xiong d/b/a BEE XIONG | Including but not limited to: |
| Pang Her d/b/a PANG HER | Racial Profiling and discrimination |
| Sandy A. Williams d/b/a SANDY A. WILLIAMS | Malicious and Vexatious Prosecution |
| David L. Borowski d/b/a DAVID L. BOROWSKI | Defamation, Slander, Libel |
| Brandon Shayhorn d/b/a BRANDON SHAYHORN | |
| Dena Nardi d/b/a DENA NARDI | |
| | |
| Defendants. | Injunction Relief Requested |
| | JURY TRIAL DEMANDED |

Relator: Kay-Xiong: Yang brings this action; pursuant to 31 USC §3729 et seq, this Complaint is to be filed in camera. This suit is not based on prior public disclosure of allegations or transactions in a criminal, administrative hearing or investigation in a Government Accountability Officer or Auditor General's report, hearing, audit, investigation or in the news media; or in any other location as the term "publicly disclosed" is defined in 31 U.S.C § 3730, but rather information from Plaintiff. In the alternative, to the extent there has been a public disclosure unknown to the Relator, she is an original source under the aforementioned statute. As more fully set forth in this Complaint, Relator, Kay-Xiong: Yang has direct and independent knowledge of the information on which the allegations herein are based, and witnessed directly the fraudulent actions and representations by the Defendants against the Relator (See Exhibits)

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 and 31 U.S.C § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C § 3729 and 3730. Plaintiff establishes subject matter jurisdiction under 31 U.S.C § 3730(b). Under 31 U.S.S § 3730 €, there has been no statutorily relevant public disclosure of "allegations or transactions" in this Complaint for which Relator: Kay-Xiong: Yang is Not an "original source," additionally Defendants and each of them may be found in the District transact business in this District as set forth above. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 and 31 U.S.C § 3732(a) because Defendants are found, transact business, and committed the acts alleged herein and proscribed by 31. U.S.C §3729 in this District. Defendant's actions in the categorization, underwriting and sale of securities to the Entities, to the United States or its departments or agents are continuous and systematic and substantially occurred or continue to occur in the Stat of Wisconsin.

This action under the Hobbs Act, 18 USC § 1951 False Claims Act ("FCA"), the Racketeer Influenced and Corrupt organization Act ("RICO"), the Freedom of Information Act ("FOIA") 5 USC § 552, the Fraud Enforcement and Recovery Act ("FERA"), the American Recovery ad Reinvestment Act ("ARRA"), brought by Relator: Kay-Xiong: Yang to recover the treble damages and civil penalties under the Hobbs Act, 18 USC § 1951 False Claims Act, as amended, 31 U.S.C. §§ 3729 et seq. arising from fraud on the Court 18 USC § 1957, 8 USC § 1324c, the Generally Accepted Accounting Principles ("GAAP") 12 USC § 1831n, Tax Fraud, the Troubled Asset Relief Program ("TARP") 12 USC Chapter 52, collusion 18 USC § 371, conspiracy to defraud the United States 18 USC § 286 and its Citizens, racketeering 18 U.S.C §§ 1961-1968 and theft by deception 18 USC § 18 USC § 1028 in connection with Defendants personal business practices.

The aforementioned Defendants have purposely collaborated to create Securities "vehicles" to exploit the ignorance of the American people concurrently utilizing those same vehicles to take advantage of trust and exploit loopholes and weaknesses of the established financial system. These white collar, Civil RICO racketeering collaborations were not accidents but maliciously manufactured and designed for exorbitant financial gain at the expense of its victims; with no care nor concern for the ramifications to the economy, economic system or persons they would

affect. Relator / Plaintiff: Kay-Xiong: Yang is a National who has first hand knowledge of the impact of the Defendants fraudulent actions as a victim of personal injury, unlawful detainment, kidnapping, trademark infringement, racial profiling and discrimination, defamation, slander and libel, violations of trespass onto international private trust property, vexatious and malicious prosecution and several count violations of the HOBBS, FALSE CLAIMS and RICO ACTS due to fraud upon the court.

The fraud on the court denies the public interest, thwarts the FOIA, transparency as the requested Court approval of settlements in which the Defendants resolve the serious allegations of fraud brought against them "without admitting or denying the allegations of the Complaint. "To this end, each of the proposed Consent Judgements now presented to this Court is accompanied by a formal written "Consent" of the defendant agreeing, pursuant to 17 C.F.R § 205.5, "not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis." "This might be defensible if all that were involved was a private dispute between private parties. But here an agency of the United States is saying, in effect, "Although we claim that these defendants have done terrible things, they refuse to admit it and we do not propose to prove it, but will simply resort to gagging their right to deny it." The disservice to the public inherent in such a practice is palpable. Confronted with the same choice, the United States Department of Justice has long since rejected allowing defendants, except in the very most unusual circumstances, to enter into pleas of *nolo contendere*, by which a defendant accepts a guilty plea to a criminal charge without admitting or denying the allegations. See U.S. Dept of Justice, U.S. Attorney's Manual § 9-16.010 (2008) (United States Attorneys may not consent to a plea of *nolo contendere* except in the most unusual circumstances any only after a recommendation for doing so has been approved by the Assistant Attorney General responsible for the subject mater or by the Associate Attorney General, Deputy Attorney General or the Attorney General."); U.S. Depart of Justice, U.S. Attorney's Manual § 9-27.500 (2006) ("The attorney for the government should oppose the acceptance of a plea of *nolo contendere* unless the Assistant Attorney General with supervisory responsibility over the subject matter concludes that the circumstances of the case are so unusual that acceptance of such plea would be in the public interest.") As the great U.S. Attorney General Herbert Brownell, Jr. stated in a 1953 department directive:

[A] person permitted to plead *nolo contendere* admits his guilt for the purpose of imposing punishment for his acts and yet, for all other purposes, and as far as the public is concerned, persists in this denial of wrongdoing. It is no wonder that the public regards consent to such a plea by the Government as an admission that it has only a technical case at most and that the whole proceeding was just a fiasco.

See Comment, U.S. Dept of Justice, U.S. Attorney's Manual § 9-27.500 (2006).

Moreover, as a practical matter, it appears that defendants who enter into consent judgement where they formally state, with the S.E.C's full consent, that they neither admit or deny the allegations of the complaint, thereafter have

no difficulty getting the word out that they are still denying the allegations, notwithstanding their agreement not to "make any public statement" denying the allegations. Reacting to the equivocal press releases issued by some defendants after such settlements, S.E.C. Commissioner Luis A. Aguilar has expressed the "hope that this revisionist history in press release will be a relic of the past," but added "If not, it may be worth revisiting the Commission's practice of routinely acceding settlements from defendants who agree to sanctions "without admitting or denying" the misconduct." See Commissioner Luis A. Aguilar, Speech by SEC Commissioner: Setting Forth Aspirations for 2011, Address to Practicing Law Institutes SEC Speaks in 2011 (Feb. 4, 2011)." These calculated well executed actions of serious fraud by the Defendants compounded by their fraud upon the courts; as they continue to falsify documents, make false claims, collect government funded insurance polices and if caught agree to terms with the governing agencies while never admitting guilt, hence they are able to continue to conduct business as usual; subsequently denying home owning American citizens their right to due process and justice all while making the Government and judiciary complicit and accomplices in the largest Human Trafficking and Securities fraud in the history of this great county. These same settlements and judgements thwart the very foundation and fabric of the FOIA, be denying full disclosure or establishing precedent, therefore society continues to be in the dark, people are continually loosing their liberties to a fraudulent racketeering machine.

## AFFIDAVITS OF TRUTH AND FACT

Comes now, Yang, Kay-Xiong, as attorney in fact and trustee for the principals with beneficiaries known, the trustee is here to be availed, where are the securities to make the beneficiaries known? We do declare; the following as stated in the Affidavit of Truth and Fact and Pleadings in the Hobbs Act violations enumerated.

1. These claims involved the Plaintiff as beneficiary to several private trusts 15 U.S. Code § 1 and
2. The violations of various agent's involved" in an unrelated activity to which the Plaintiff was submitted unwittingly, resulting in her loss of liberty, 18 U.S.C section 1961 – 1968 sections 186, 201, 471, 472, 473, 659, 1028, 1029, 1341, 1344, 1351, 1425, 1426, 1427, 1503, 1510, 1511, 1512, 1513, 1542, 1543, 1544, 1546, 1581 – 1592, 1951, 1952, 1953, 1955, 1956, 1957, 2312, 2313, 2314, 2315, 2318, 2319, 2320, 2421 – 2424,
3. Deprivation of rights, 18 U.S.C., Section 249 – Matthew Shepard and James Byrd, Jr. hate Crimes Prevention Act, 18 U.S.C., Section 241 – Conspiracy Against Rights, 18 U.S.C., Section 242 – Deprivation of Rights Under Color of Law, 18 U.S.C Section 245 – Federally Protected Activities, 18 U.S.C 247 – Church Arson Prevention Act of 1996, 42 U.S.C., Section 3631 – Criminal Interference with Right to Fair Housing, 42, U.S.C Section 14141 – pattern and Practice,
4. Anti-Trust violations by all defendants. Plaintiff reserves all her rights and is seeking enforcement of the Trusts "Public Notices" through its "fee schedule". 15 U.S.C § 1051 et se. (THE LANHAM ACT)

5.  It is the contention of the Plaintiff/beneficiary that this Organization is participating in RICO, HOBBS and FLASE CLAIMS Acts as well as others noted later in this Report. These and other violations may be currently under investigation by certain Federal Agencies of which this Claim is done concurrently. An informal and incomplete report of the Colluded Agents misinterpretation of events are to be included as evidence as well as the initial unenforceable "judgement" and final rulings are to be included in this case as well. Plaintiff/beneficiary is seeking damages enforceable and previously noticed Fee Schedule against Trust Property, Treble and Punitive Damages as well as expungement of the prior case information from the defendants mainframes. Finally, the Plaintiff/Beneficiary is seeking permanent injunction against the defendants from exercising any future malicious and/or vexatious prosecution against the Plaintiff/beneficiary.

## SECURIZATION, BONDING AND TAX FRAUD

In the Court securitization process, collateralized securities are issued by, and receive payments from, cases collected in a collateralized debt obligation (CDO) pool, Investment Contract pool and similar Security products. The Investment Contract pool is treated as a trust. This trust is organized as a special purpose vehicle ("SPV") and a qualified special purpose entity ("QSPE") which receives special tax treatment. The SPV is organized by the securitizer so that the assets of the SPV are shielded from the creditors and principals of the securitizer and the parties who manage it. This shielding is described as making the assets "bankruptcy remote". The non-Reporting or Mis-reporting of these Contracts, Securities are Tax avoidance and evasion activities.

## THE HOBBS ACT (See Exhibit A)
## THE FALSE CLAIMS ACT

The False Claims Act provides liability for any person (i) who "knowingly presents or causes to be presented, a false or fraudulent claim for payment or approval"; or (ii) who "knowingly makes, uses, or causes to be made or used, a false record or statement material to be false or fraudulent claim" 31 U.S.C. § 3729(a)(I)(A)-(B). The False Claims Act further provides that any person who violates the Act: "is liable to the United States Government for a civil penalty of not less than 100,000,000 and no more than $3 billion including but not limited to, plus 3 times the amount of damages which the Government sustains because of the act of each Defendant person…" 31 U.S.C. § 3729(a); see 28 C.F.R. § 85.3(a)(9). Plus taxes to be reported and paid to the IRS.

## CAUSES OF ACTION:
## FOR A FIRST CAUSE OF ACTION: CLAIM ONE.
## AS TO ALL DEFENDANTS

Tort / Personal Injury Property Damage, Fraud/Other: Plaintiff / beneficiary was first hand victim and witness to defendants actions, deprivation of rights, 18 U.S.C.. Section 249 – Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act, 18 U.S.C., Section 241 – Conspiracy Against Rights, 18 U.S.C., Section 242 – Deprivation of Rights Under Color of Law, 18 U.S.C., Section 245 – Federally Protected Activities, 18 U.S.C., Section 247 – Church Arson Prevention act of 1996, 42 U.S.C. Section 14141 – Pattern and Practice as a result Plaintiff as sustained physical, emotional and mental injuries.

## FOR A SECOND CAUSE OF ACTION: CLAIM TWO.
### AS TO ALL DEFENDANTS

DISCRIMINATION. Defendants Willful Intent and Malicious Misconduct through the selective discrimination of Race, Creed, Color of Law against Plaintiffs' liberties and attempts to inform the Defendants of their unlawful activity against Plaintiff/beneficiaries Trust Property.

As a result, DEFENDANTS reported unjustly to government agencies and other regulatory agencies false activity in order to deter the Plaintiff/beneficiaries from filing proper claims that are in equity. This creates irreversible, irremediable and sustained damage to Plaintiff's/beneficiaries banking and commercial capability. (U.S. Code Title 18 Part I Chapter 13 § § 241, 242, 243, 245, 245, 247, 249)

## FOR A THIRD CAUSE OF ACTION: CLAIM THREE.
### AS TO ALL DEFENDANTS

UNJUST ENRICHMENT and TRUST INFRINGEMENT (RICO). Specially the selling and usufruct of the KAY XIONG YANG©™ ESTATE, TRUST and KAY XIONG YANG©™ private property as registered, copyrighted and Trademarked signatures. By fraudulently investing the aforementioned pooled private securities into an investment fund similar to the CRIS (Court Registry Investment System) and failure to disclose the investment contracts, vehicles and/or conduits entitled to Plaintiffs/beneficiaries as "Original Issuer" (principal), along with the U.S. Government's Justice Department who has a vested Security Interest in the Plaintiff/beneficiaries Private Property, the DEFENDANTS procured a Fraudulent Security Interest in the primary property. (See list) (U.S. Code Title 18 part I Chapter 113 §2320)

## FOR A FOURTH CAUSE OF ACTION: CLAIM FOUR.
### AS TO ALL DEFENDANTS

HOBBS ACT, FALSE CLAIMS ACT, FRAUD through ROBBERY and EXTORTION. Plaintiff/beneficiary declared that she was signatory to sf312(non-disclosure) and sf61 (appointment affidavits), offering initial

protection against the espionage acts that the Defendants were 'attempting' to violate against the National Currency Act 1863 sect 27, 28 and National Banking Acts of 1864 and are in breach of their Fiduciary duty. HOBBS ACT Violations occurred. The Defendant's failed to perform according to International UCC Standards Article 9. (U.S. Code Title 18 Part I Chapter 96 § 1962) as a Fiduciary relationship was created on behalf of the Defendant, of which they breached and failed to report the Taxes on these account(s)/case(s). No 1099OID was extended or any Tax documentation upon the closure of these Account(s)/Case(s), consequently these accounts remain open and are routinely used to retry and charge account(s)/case(s) on older subjects, the community and foreigners alike. Both local reporting and in house reporting continues and no tax reporting is carried out. Failure to release title, documents and other trust property and subsequently reconvey these upon honorable settlement in full of unverified debts. The material facts are that Plaintiff was and is the beneficiary, grantor, creditor and that the Defendant(s) risked none of their assts. Defendant(s) violated 18 U.S.C. § 1951, 31 U.S.C. § 3729(a)(I)(A)-(B) through 31 U.S.C. § 3738 by failing or refusing to disclose this material fact.

## FOR A FIFTH CAUSE OF ACTION: CLAIM FIVE.
## AS TO ALL DEFENDANTS

DEFAMATION. The Defendant's have used and continue to utilize U.S., State Government Property and Plaintiff's name: KAY XIONG YANG©™ private banking information, Government Certificates and Guarantees to cause defamation, slander and libel for the deterring of this suit in an attempt to criminalize and defame the Plaintiff/beneficiary. The DEFENDANTS committed various Tort actions in violation of Federal antitrust laws. DEFENDANTS created misleading statements and used diversionary tactics upon plaintiff's private property. Namely, calling ex-Family members, friends and other 3rd Party individuals and entities not a party to the matter. By attempting to collect or gather further private information, the DEFENDANTS created further and sustained injury against the good name of the Plaintiff's Trust, Estate and her property. 18 U.S.C. § 1951, 31 U.S.C § 3729(a)(I)(A)-(B), 18 U.S.C section 1961-1968 section 186, 201, 471, 472, 473, 659, 1028, 1029, 1341, 1344, 1351, 1425, 1426, 1427, 1503, 1510, 1511, 1512, 1513, 1542, 1543, 1544, 1546, 1581 – 1592, 1951, 1952, 1953, 1955, 1956, 1957, 2312, 2313, 2314, 2315, 2318, 2319, 2320, 2421 – 2424 all inclusive.

## FOR A SIXTH CAUSE OF ACTION: CLAIM SIX
## AS TO ALL DEFENDANTS

PERSONAL INJURY, LIBEL, VIOLATION OF TRUST DOCUMENTATION INCLUDING DESTRUCTION OF PRIVIATE U.S. SECURITIES (ANTI-TRUST ACTS). The Defendant's use Plaintiff's name: KAY XIONG YANG©™ private insurance information to cause defamation, slander and libel for the

deterring of this suit is an attempt to criminalize and defame the Plaintiff's by calling the Plaintiff's personal and former familial contracts so as to defame the Character of the "Plaintiff/beneficiary". Destruction of U.S. and private Trust Securities have been used as a retaliatory medium so as to erase, remove and steal evidence of Political standing which contrary to the personal beliefs of the Defendants. Specific Causes to be determined by a Full Accounting by the IRS, the United States and Plaintiff/beneficiaries. Destruction, Theft, or Removal of a public record or document is prohibited by 18 U.S.C. § 641, 18 U.S.C. § 1361. Protection for government documents and records is provided by 18 U.S.C § 2071. Section 2071(a), United States v. Simpson, 460 F.2d 515, 518 (9th Cir 1972), United states v. DeGroat, 30 F. 764, 765 (E.D.Mich. 1887), 18 U.S.C. § 2071(a), United States v. Rosner, 352 F. Supp. 915, 919-22 (S.D.N.Y 1972), Title 18 U.S.C. Section 285 and Section 1506.

## FOR A SEVENTH CAUSE OF ACTION: CALIM SEVEN
## AS TO ALL DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND TORTURE. RACIAL PROFILING AND PERSECUTION: Defendant's against or assigns hired certain individual as agents and or assigns to perform criminal activity to trespass coerce and threaten Plaintiff/beneficiary KAY XIONG YANG©™ ESTATE and TRUST, their members and Family/Beneficiaries. Defendants Willful Trespass upon Plaintiffs/beneficiaries Dwelling and private conveyance caused damage and Injury to Plaintiffs/beneficiaries estate and trust by the use of a false fraudulent exercise.

## FOR A EIGHTH CAUSE OF ACTION: CLAIM EIGHT.
## AS TO ALL DEFENDANTS

PERSONAL INJURY THROUGH VIOLATION OF PRIVIATE TRUST FEE SCHEDULE. Defendants, knowingly, willingly and with full intent and knowledge, performed multiple almost uncountable violations against a previously filed, recorded and publicly notified Trust 'fee schedule'. The specific Violations, Counts and Relief requested is presently being assessed by private accounting assessment and by the overseeing of the IRS fiscal Authority, exact amounts and counts to be followed.

## FOR A NINTH CAUSE OF ACTION: CLAIM NINE
## AS TO ALL DEFENDANTS

FRAUD AND RACKETEERING (RICO). All these parties are in collusion in using the U.S. Mails and Wire Services to collect on these unlawful debts in violation of 18 U.S.C. 1341 (mail fraud) and 18 U.S.C. (wire fraud) and 19 U.S.C. 1962 in establishing a "pattern of racketeering activity". Plaintiff/beneficiaries ask for

triple damages for actual and compensatory damages sustained pursuant to 18 U.S.C 1964 from each and every defendant on all counts.

## FOR A TENTH CAUSE OF ACTION: CLAIM TEN.
## AS TO ALL DEFENDANTS

**USURY AND RACKETEERING (RICO). By virtue of "Official Office" operations, Defendants, persecute and prosecute unwitting innocent individuals and groups into creating False Bonds and Securities in order to profit privately through dummy corporations and create a false sense of Justice for 'All', Namely private interest. Defendants purposely block and eliminate the referring of these cases to the Federal Instance namely the Department of Justice whom is empowered to adjudicate these cases competently.**

## REMEDY and RELIEF

Plaintiff does seek and Demand remedy and relief for statutory, treble, punitive and personal damages for Injury, Damage and monetary compensation in amount equal to prior claims. Plaintiff seeks recoupment of loss, injury and damages in the form of a Permanent Injunction against the DEFENDANTS, the releasing of Title of aforementioned property, an entry of a summary judgement on the Pleadings of Null and Void due to Fraud, deceit and willful intent to obstruct justice.

## RELIEF REQUESTED

1. **ON THE FIRST CAUSE OF ACTION: CLAIM ONE**

    The Plaintiff/beneficiaries ask the court to empanel a Grand Jury to try Defendants their against and or assigns including any Third party DEFENDANTS for violation of Federal Antitrust laws and the Federal Racketeering laws including 18 U.S.C 1341 (mail fraud) and 18 U.S.C 1343 (wire fraud) and 18 U.S.C 1962 (patterns of racketeering activity and 18 U.S.C. 241 for conspiracy to violate the plaintiffs' Constitutionally protected rights. Relief requested is the production of the fraudulent Cases created for profit and kickbacks to Defendants through obscure Entities. 15 U.S. Code § 1 and 18 U.S.C section 1961-1968 section 186, 201, 471, 472, 473, 659, 1028, 1029, 1341, 1344, 1351, 1425, 1426, 1427, 1503, 1510, 1511, 1512, 1513, 1542, 1543, 1544, 1546, 1581 – 1592, 1951, 1952, 1953, 1955, 1956, 1957, 2312, 2313, 2315, 2318, 2319, 2320, 2421 – 2424. To be determined by the Statutory Violations through an empaneled Jury and through the Combined accounting of the aforementioned Trust 'Fee Schedule' by the IRS and Private Accounting as well as an empanel Jury.

2. **ON THE SECOND CAUSE OF ACTION: CLAIM TWO.**

DEFAMATION OF CHARACTER AND USURY OF PUBLIC AND PRIVIATE ESTATE AND TRUST DOCUMENTS, (American National / Non-resident Alen). Reference: James C. TREZEVANT, Plaintiff-Appellant v. CITY OF TAMPA, a municipal corporation, et al., Defendants-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal corporation, Hillsborough County Board of Criminal Justice, et al., Defendants – Appellants Preliminary Accounting as follows but not limited to: TREZEVANT CASE: 25,000 = 23 minutes = 1,086.95652173913 per minute per occurrence and per each Defendant not including punitive, treble and Tax Costs for Recoupment and Tax Liabilities of Defendants per Title 26 IRC Manual, IRS, and U.S. Government assessment of all their claims.

3. **ON THE THIRD CAUSE OF ACTION: CLAIM THREE.**

Plaintiff asks for an Evidentiary hearing and Demands a Trial by Grand Jury to be comprised of 12 members to determine all issues of facts in dispute and to determine award of all damages. In the Alternative $5,000,000 per Trademark Violations through each occurrence and usage per individual violate. Plus a preliminary accounting in Relief of: James C. TREZEVANT, Plaintiff-Appellant v.s CITY OF TAMPA, a municipal corporation, et al., Defendants-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal corporation, Hillsborough County Board of Criminal Justice, et al., Defendants – Appellants. Preliminary Accounting as follows but not limited to: TREZEVANT CASE: 25,000 = 23 minutes = 1,086.95652173913 per minute per occurrence and per each Defendant not including punitive, treble and Tax Costs for recoupment and Tax Liabilities of Defendants per title 26 IRC Manual, IRS. Not limited to Claims of Anti-Trust 'Fee Schedule' to be determined.

4. **ON THE FOURTH CAUSE OF ACTION: CLAIM FOUR.**

Plaintiff asks for a court order declaring the alleged cases and security agreements and any allied documentation and evidence including a subpoena of all Voice Recording, Copies and Video Data to be adjudicated and assessed by the taxing authority (IRS) and that all references to any Cases be expunged and remove from all STATE OF WISCONSIN mainframes to be null and void. Additionally, Plaintiff asks the court to demand the production of the MoneyNet Transaction reports on this and other Related Accounts. The 'CALL REPORTS' from all Banking Institutions involved upon all Related Accounts and a Financial Monetary Audit from the "District Comptroller" on all Related Accounts and the including of the aforementioned 'Office' as additional Interested. Reference: James C. TREZEVANT, Plaintiff-Appellant v. CITY OF TAMPA, a municipal corporation, et al., Defendant-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal corporation, Hillsborough County Board of Criminal Justice, et al., Defendants-Appellants. Preliminary Accounting as follows by not limited to: TREZEVANT CASE: 25,000 = 23 minutes = 1,086.9562173913 per minute per occurrence and per each Defendant not including punitive treble and Tax Costs for Recoupment and Tax Liabilities of Defendants per Title 26 IRC Manual, IRS, and U.S. Government assessment of all their claims.

5. **ON THE FIFTH CAUSE OF ACTION: CLAIM FIVE.**

A permanent injunction and temporary restraining order against the Defendants, their agents and or assigns to divest themselves of any assets they have unlawfully gained and to return the same to the plaintiff/beneficiary as the injured party. Additionally, the removal of any derogatory insertions in Public Venue and Apologize for statements, through libel and slander be removed from all sources affected such as credit reports, administrative reports or statements which caused pain and injury to the Plaintiff/beneficiaries financial wellbeing. In the Alternative a $10,000,000 per occurrence per usage of the name in the private venues. Additional but not limited to: James C. TREZEVANT, Plaintiff-Appellant v. CITY OF TAMPA, a municipal corporation, et al., Defendant-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal corporation, Hillsborough County Board of Criminal Justice, et al., Defendants-Appellants. Preliminary Accounting as follows by not limited to: TREZEVANT CASE: 25,000 = 23 minutes = 1,086.9562173913 per minute per occurrence and per each Defendant not including punitive treble and Tax Costs for Recoupment and Tax Liabilities of Defendants per Title 26 IRC Manual, IRS, and U.S. Government assessment of all their claims.

6. **ON THE SIXTH CAUSE OF ACTION: CLAIM SIX.**

    A Formal "True Bill" is to be Issued against the Defendants and in Favor of the Plaintiff/beneficiaries: 'This is a TRUE BILL in Equity for charges to be placed upon the Defendant and upon verified 'TORT' claims of "Wrongful Arrest", "Wrongful and Fraudulent Seizure of the Trust and Estate Property", " Identity Theft", Breach of Peace", "Racial Profiling and Specific persecution", "Defamation of Character" and "Trespass upon Estate and Trusts, Trust Properties", "Trusts and Infringements" among others to be enumerated within this Bill.' $3,000,000,000 for personal and punitive damages per claim per occurrences per violation as stipulated in Title 18 references above.

7. **ON THE SEVENTH CAUSE OF ACTION: CLAIM SEVEN.**

    $500,0000 per loss per individual as caused by distress and suffering due to DEFENDANTS Tortuous Acts committed and prays for all costs to be Granted as recoupment of suffrage and loss per individual whom is found culpable. In addition: James C. TREZEVANT, Plaintiff-Appellant v. CITY OF TAMPA, a municipal corporation, et al., Defendant-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal corporation, Hillsborough County Board of Criminal Justice, et al., Defendants-Appellants. Preliminary Accounting as follows by not limited to: TREZEVANT CASE: 25,000 = 23 minutes = 1,086.9562173913 per minute per occurrence and per each Defendant not including punitive treble and Tax Costs for Recoupment and Tax Liabilities of Defendants per Title 26 IRC Manual, IRS, and U.S. Government assessment of all their claims.

8. **ON THE EIGTH CAUSE OF ACTION: CLAIM EIGHT.**

    Defendants, Executed a trust fee schedule by obtaining a Trustee relationship and effected a Tax Accountable Event through: Plaintiff/beneficiary/claimant prays for relief pursuant to, but not limited to: James C. TREZEVANT, Plaintiff-Appellant v. CITY OF TAMPA, a municipal corporation, et al., Defendant-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal

corporation, Hillsborough County Board of Criminal Justice, et al., Defendants-Appellants. Preliminary Accounting as follows by not limited to: TREZEVANT CASE: 25,000 = 23 minutes = 1,086.9562173913 per minute per occurrence and per each Defendant not including punitive treble and Tax Costs for Recoupment and Tax Liabilities of Defendants per Title 26 IRC Manual, IRS, and U.S. Government assessment of all their claims.

9. **ON THE NINTH CAUSE OF ACTION: CLAIM NINE.**

Third Party DEFENDANTS will be added to this instant matter as 3rd party interlopers and if not Demonstrated that they have complied with WISCONSIN BUSINESS AND PROFESSIONS CODE. Their Oath. Plaintiff will move to Disqualify / Attorneys / Counsel and subsequent counsel. If performed against a Federally protected witness and whistleblower protection acts the following will ensue: James C. TREZEVANT, Plaintiff-Appellant v. CITY OF TAMPA, a municipal corporation, et al., Defendant-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal corporation, Hillsborough County Board of Criminal Justice, et al., Defendants-Appellants. Preliminary Accounting as follows by not limited to: TREZEVANT CASE: 25,000 = 23 minutes = 1,086.9562173913 per minute per occurrence and per each Defendant not including punitive treble and Tax Costs for Recoupment and Tax Liabilities of Defendants per Title 26 IRC Manual, IRS, and U.S. Government assessment of all their claims.

**FOUNDATIONAL BASIS**

Every person on this admission shall take an oath to support the Constitution of the United States and the Constitution of the State of Wisconsin, and faithfully discharge the duties of any attorney at law to the best of his knowledge and ability.

**A certificate of Oath shall be endorsed upon their license.**

(Added by Stats. 1939, c 34. P. 354, Sec. 1.)

Note: The Constitution of the State of Wisconsin (and likely other states), Article XX, Section 3, requires that an attorneys license, in order to be valid, be issued by the State of Wisconsin. The Wisconsin Business and Professions Code, "B&P" § § 440 and 480 requires "a certificate of the oath" to be endorsed upon "the license of a practicing attorney". However, no attorney has any such state-issued "license to practice law" – only a Bar Card which is evidence only of active membership (dues are current) in a foreign-owned, private union, the bar association. There are no attorneys licensed in Wisconsin. When asked, none can produce a certificate. At best, an attorney can only produce his/her Bar membership card (privately issued by Bar Association) and a letter of acknowledgement from the state supreme court. The Wisconsin Bar Association was incorporated in Jan. 9, 1878.

The Bar Association now does not officially exist in Wisconsin. It operates as a chapter of the national organization, probably as a common law association. The Wisconsin Secretary of State does not have any record of the Association. Any corporation is required to register with the Secretary of State, even municipal and non-profit corporations. The Association has not done so.

Plaintiff hereby disqualifies any opposing counsel' and/or attorneys present or subsequent until these requirements are met and Defendants Attorney(s) are hereby added to the Default Claims of Record as Judgement Debtors along with their clients as they enjoined the Claim through "Notice of Principle is notice to Agents and Notice to Agents is Notice to Principle."

Furthermore, any presumption of the Defendants / Counsel / Attorneys alleged right to determine facts preceding trial over the Plaintiffs Will and Constitutionally protected Rights are hereby nullified as is expressed in the various exhibits including but not limited to the COL Letters and Administrative Claims as to the illicit usage of an Estate, Trust and Federally Protected Title. Additionally there is no evidence of an IRS Form 56 filing (Appointment of Fiduciary) or 'Notice of Nominee' over the Plaintiffs Estate, Trust or any other property of the Plaintiff by the Defendants, their alleged counsel and 3rd Party Defendants.

Conclusively if any of these presumption exist: Defendants, are hereby Fired by all assumptive and presumptive Activities against the Plaintiff/beneficiaries trust and estate. Or in the alternative recuse/withdraw themselves of this case or in the alternative: James C. TREZEVANT, Plaintiff-Appellant v. CITY OF TAMPA, a municipal corporation, et al., Defendants-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal corporation, Hillsborough County Board of Criminal Justice, et al., Defendants-Appellants.

Preliminary Account as follows but not limited to per occurrences and per each Defendant not including punitive, treble and Tax Costs for Recoupment and Tax Liabilities of Defendants per Title 26 IRC Manual, IRS and US Government assessment of all their claims.

**10. ON THE TENTH CAUSE OF ACTION: CLAIM TEN.**

Pursuant to the statement in the initial pleading, "REQUEST FOR RELIEF"

Relief is defined as: Plaintiff/beneficiary seeks a Declaratory Judgement based on the findings and Facts contained herein. To be determined via: James C. TREZEVANT, Plaintiff-Appellant v. CITY OF TAMPA, a municipal corporation, et al., Defendant-Appellees. James C. TREZEVANT, Plaintiff-Appellee, v. CITY OF TAMPA, a municipal corporation, Hillsborough County Board of Criminal Justice, et al., Defendants-Appellants. Preliminary Accounting as follows by not limited to: TREZEVANT CASE: $25,000 = 23$ minutes $= 1,086.9562173913$ per minute per occurrence and per each Defendant not including punitive treble and Tax Costs for Recoupment and Tax Liabilities of Defendants per Title 26 IRC Manual, IRS, and U.S. Government assessment of all their claims. Plaintiff hereby requests a grand jury trial on all issues raised in this complaint. Plaintiff/beneficiary requests that the Trust "fee schedule" be entered into evidence.

## PRAYER

**Plaintiff/beneficiary Prays for relief in the preliminary Amount of 3 Billion U.S. Dollars in Pre-1964 Coin Value Silver and God.**

Wherefore, the Relator / Plaintiff / beneficiary respectfully request that judgement be entered in favor and against all Defendants as follows:

1. That defendants cease and desist from violating 31 U.S.C. § 3729 et seq.;
2. That Court enters judgements against the defendants in an amount equal to three times the amount of damages the Plaintiff has sustained due to the negligent actions of the Defendants, plus a civil penalty of not less than $3 million and not more than $3 billion for each violation of 31 U.S.C § 3729; 31 USC § 3730 (d); et seq.;
3. That Relator be awarded the maximum amount allowed pursuant to 31 USC § 3730(d) of the False claims Act; 18 USC § 1951 of the Hobbs Act; et seq.;
4. That Relator be awarded all costs of this action, including attorney's fees, cost and expense pursuant to 31 U.S.C § 3730(d); and et seq.;
5. That the Court acknowledges and enters into the evidence the Trusts "Fee Schedule" as a basis for the fiscal accounting as per IRS Title 26 and impose the forthcoming fee along with the Tax Assessed for this Account/Case No. and et seq.;
6. That the Relator / Plaintiff be granted all such relief as the court deems just and proper.

Confirmation of Affidavits;
Dated 14th day of July, 2023 A.D.

/s/ Kay-Xiong: Yang
KAY XIONG YANG Estate and Trust
c/o Post Restante / General Post-Office
c/o RR RFD C770 124 Freistadt Road Suite 217
Thiensville, Wisconsin Republic near 92(53092) – 9998
Title 15 INTERNAL REVENUE

Respectfully submitted,

By: _____

:Kay-Xiong: Yang
Relator / Plaintiff

I certify that on this 14th day of July, 2023 A.D., a woman who is known to be to be Kay-Xiong: Yang, appeared to attest and affirm that she is the woman executing the forgoing Affidavit of Common law and aforementioned Motions and Notices.

**NOTARY ACKNOWLEDGEMENT**

STATE OF Wisconsin

Milwaukee County

Sworn to (or affirmed) and subscribed before me this \_\_\_\_\_ day of _____, 2023,

By _____::_____

Signature _____, Notary public          *Seal*

My Commission Exp: _____

# AFFIDAVIT OF TRUTH

Comes now, Kay-Xiong: Yang, Your Affiants, being competent to testify and being over the age of 21 years of age, after first being duly sworn under penalty of perjury to tell the truth to the facts related herein states the she has firsthand knowledge of the facts stated herein and believes these <u>facts</u> to be true to the best of her knowledge.

For the purpose of this Affidavit of Truth, "I", "Me", "Claimant", being used in reference to Affiant and "Kay-Xiong: Yang".

For the purpose of this Affidavit of Truth, "You", "Your", "Agent/s", "Principal/s", "Respondents", are being used in reference to, but not limited to Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C.

1. I, Kay-Xiong: Yang, am over the age of 18. I have personal knowledge of the facts herein, and, if called as a witness, could testify completely thereto,
2. I, Kay-Xiong: Yang, suffer no legal disabilities and have personal knowledge of the facts set forth below,
3. I, Kay-Xiong: Yang, a divine, living woman, am the authorized representative for the KAY X YANG, Estate and Trust,
4. I, Kay-Xiong: Yang, do not have any personal or business relationship with Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C.,
5. I, Kay-Xiong: Yang, do not have a verbal or written covenant, legal or lawful contract or agreement with Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C.,
6. I, Kay-Xiong: Yang have never received any lawful money from Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C.,
7. I, Kay-Xiong: Yang have never received anything of valuable consideration from Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald,

MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C.,

8. I, Kay-Xiong: Yang attest that Miana Lee, Long Lee, Blong Lee, Mee Lee and Kay Xiong came to the property 9855 West Hawthorne Road, city of Mequon, state of Wisconsin to ask me, Kay-Xiong: Yang to help them enter into a contract with a Delaware company call Xapphire LLC / Xapphire Fund, LLC,

9. I, Kay-Xiong: Yang attest that Miana Lee, Long Lee, Blong Lee, Mee Lee and Kay Xiong are all college graduates, professionals who are competent, can read and write and have no disabilities,

10. I, Kay-Xiong: Yang was requested by Miana Lee, Long Lee, Blong Lee, BLONG LEE, Mee Lee, and Kay Xiong for a copy of the prospectus and offering of Xapphire LLC and Xapphire Fund, LCC,

11. I, Kay-Xiong: Yang gave a copy via email and in person of the Xapphire LLC / Xapphire Fund, LLC prospectus and offering document to Miana Lee, Long Lee, Blong Lee, Mee Lee and Kay Xiong,

12. Miana Lee, MIANA LEE, Long Lee, LONG LEE, Blong Lee, BLONG LEE, Mee Lee, MEE LEE, UNLIMITED WEALTH, LLC, and Kay Xiong signed and accepted an offering, in their own free will, with Xapphire LLC and Xapphire Fund, LLC, Delaware companies,

13. I, Kay-Xiong: Yang have never solicited to Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C.,

14. I, Kay-Xiong: Yang conduct all my personal and businesses in the private and do not solicit to anyone,

15. I, Kay-Xiong: Yang have responded to every communication that Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C. have sent to me and have stayed in honor since the beginning of their complaints,

16. At no time did Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C. provided proof of claim to their complaints,

17. Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C. has been harassing me and my family since May of 2022,

18. Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE

and HALLOIN LAW GROUP, S.C. has caused me and my family financial injury,

19. Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C. has filed more than 12 cases against me and my family in various counties,

20. Scott R. Halloin, SCOTT R. HALLOIN, Sheila L. Shadman Emerson, SHEILA L. SHADMAN EMERSON, Molly S. Fitzgerald, MOLLY S. FITZGERALD, Long Lee, LONG LEE, Miana Lee, MIANA LEE, Kay Xiong, UNLIMITED WEALTH, LLC, David Blong Lee, DAVID BLONG, Mee Lee, MEE LEE and HALLOIN LAW GROUP, S.C. has committed mail fraud by sending fraudulent documents to me even after notifying them of my fee schedule and trademark,

21. On June 12, 2023, I, Kay-Xiong: Yang attended a court hearing in Ozaukee County and Sandy A. Williams muted me, demanded the bailiff to remove me immediately; I was muted and was removed,

22. On June 27, 2023, I, Kay-Xiong: Yang attended a court hearing in Ozaukee County and Sandy A. Williams muted me, demanded the bailiff to remove me immediately; I was muted and was removed,

23. Sandy A. Williams barred me from filing any documents into the court cases,

24. On July 12, 2023, I, Kay-Xiong: Yang attended a court hearing in Milwaukee County Clerk of Circuit Count and David Borowski muted me, demanded the bailiff to remove me immediately; I was muted and was arrested by Brandon Shayhorn who cited none other than disorderly conduct,

25. On July 12, 2023, I, Kay-Xiong: Yang gently placed the documents I needed to file on a chair and request the documents be filed, stated for the record that there were no such thing as a "licensed" attorney and left the room,

26. I, Kay-Xiong: Yang was immediately ordered by David Borowski to Brandon Shayhorn to be arrested and detained for more than 12 hours,

27. David Borowski also barred me from filing any documents into the Milwaukee cases,

28. On July 14, 2023, I, Kay-Xiong: Yang send certified mail this affidavit of truth under penalty of perjury.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed the Fourteenth day of the seventh month in the year or our Lord, twenty twenty-three.

By: _____

:Kay-Xiong: Yang
Relator / Plaintiff

## NOTARY ACKNOWLEDGEMENT

State of Wisconsin )
                        ) ss.
County of Milwaukee )

On this _____ day of _____, 20_____, for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that _____ appeared before me with the following documents and signed the documents before me, _____, Notary Public.

WITNESS my hand and official seal.

_____                *Seal*
NOTARY PUBLIC Signature

_____
My commission expires